## LEVI WASHBURN *versus* SILAS HALSEY

### September 25, 1824

464

John Stockton, attorney for plaintiff in court below.
Larned & O'Keeffe, attorneys for plaintiff (defendant in error).
William A. Fletcher, attorney for defendant (plaintiff in error).

## [OPINION]

Silas Halsey vs Levi Washburn  Certiorari to Justice Taber Wilcox of M^cComb County, at the instance of Def^t requiring s^d Justice to return and certify the proceedings in said Cause to Supreme Court allowed by Judge Hunt on affidavit of Def^t—

Motion of Fletcher, for Def^t for a rule on the Magistrate to amend his return, by answering Certain facts stated in the affidavit and not noticed by the magistrate in the return filed—

The 17 Section of the Act giving jurisdiction to Justices &^c makes it the duty of a Justice on his return of a Certiorari to make a Special return to all the facts stated in the affidavit, that accompany the writ—Laws of Michigan 235.

Upon inspection of the return of the Magistrate and comparing the same with the affidavit of the Def^t accompanying the writ, I discover that the Magistrate has wholly neglected specially to notice Certain facts, which evidently relate to the Cause on trial before him, contained and set forth in the affidavit—which facts so omitted are set forth by def^ts att^y in his motion for the justice to amend his return (I however except the first supposed error, which relates to the adjournment—The original affidavit does not state that the def^t objected to the adjournment and was overruled by s^d Justice—Something of that character is implied, arguendo—The affidavit should have stated the fact positively, that in the event it should have been proved untrue he might be punished, on a Conviction of perjury—I think that unless, the facts not necessarily entered in the proceedings are so positively stated, that a magistrate is not bound to notice them in his return—The other exceptions alledged in the Motion, are sufficiently alledged in the affidavit to require an answer from the Justice—Whether the objections are important to the decision of the question, or whether the def^t can avail any thing by their being answered as he expects they will be, I give no opinion in this stage of the proceedings—

I will remark as regards what may be considered a denial of the facts in the affidavit, by the justice, at the end of his return—In my view it amounts to nothing—each exception must be answered singly by the justice—The justice has not done it, in the present instance—

The M° contemplates including in the return a requisition on the Magistrate, to send up the declaration and plea with all other papers that were before him on the trial as papers of the case.  I think the defendant entitled to a transcript of them and that the justice should send such transcript to this Court—